NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CONLEY F. MONK, JR., TOM COYNE, WILLIAM DOLPHIN, JIMMIE HUDSON, LYLE OBIE, STANLEY STOKES,**
*Claimants-Appellants*

**v.**

**DAT TRAN, ACTING SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1305

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 15-1280, Chief Judge Margaret C. Bartley, Judge Coral Wong Pietsch, Judge William S. Greenberg, Judge Michael P. Allen, Judge Amanda L. Meredith, Judge Joseph L. Toth, Judge Joseph L. Falvey, Jr., Senior Judge Robert N. Davis, Senior Judge Mary J. Schoelen.

---

Decided:  January 26, 2021

---

LYNN K. NEUNER, Simpson Thacher & Bartlett, LLP, New York, NY, argued for claimants-appellants. Also argued by MADISON NEEDHAM, Jerome N. Frank Legal

Services Organization, Yale Law School, New Haven, CT. Also represented by RENEE A. BURBANK, CASEY SMITH, JESSE TRIPATHI, MICHAEL JOEL WISHNIE.

DAVID PEHLKE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by JEFFREY B. CLARK, MARTIN F. HOCKEY, JR., ROBERT EDWARD KIRSCHMAN, JR.; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

KAI YI XIE, Davis Polk & Wardwell LLP, Menlo Park, CA, for amici curiae Connecticut Veterans Legal Center, Swords to Plowshares. Also represented by COREY M. MEYER, New York, NY.

KATHERINE A. HELM, Dechert LLP, New York, NY, for amicus curiae National Veterans Legal Services Program. Also represented by JEFFREY EDWARDS, Philadelphia, PA; BARTON F. STICHMAN, National Veterans Legal Services Program, Washington, DC.

JONATHAN FREIMAN, Wiggin and Dana LLP, New Haven, CT, for amici curiae Will A. Gunn, Mary Lou Keener.

ANGELA K. DRAKE, Veterans Clinic, University of Missouri School of Law, Columbia, MO, for amicus curiae National Law School Veterans Clinic Consortium.

_____

Before NEWMAN, LOURIE, and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

Claimants-appellants Mr. Conley F. Monk, Jr., Mr. Tom Coyne, Mr. William Dolphin, Mr. Jimmie Hudson, Mr. Lyle Obie, and Mr. Stanley Stokes (collectively, Appellants or petitioners) are military veterans who

sought disability benefits from the Department of Veterans Affairs (VA), had their requests denied by the VA Regional Office (RO), and subsequently appealed their respective denials under the "legacy appeals" system[1] to the Board of Veterans' Appeals (Board).  After waiting a period of time for decisions from the Board, Appellants filed a petition for writ of mandamus at the United States Court of Appeals for Veterans Claims (Veterans Court) alleging unreasonable delay by the Board in acting on their appeals.  The Veterans Court denied the petition with respect to Mr. Dolphin, finding no unreasonable delay, and dismissed the petition with respect to all other petitioners as moot, due to the Board by then having issued decisions on their appeals.  Appellants appeal both decisions.  As to the latter disposition of mootness, we *affirm*, and as to the former, we *dismiss* the appeal as now moot because Mr. Dolphin has received a Board decision on his appeal.

## BACKGROUND

Appellants are no strangers to this court, this court having previously addressed the parties' class-action disputes in *Monk v. Shulkin*, 855 F.3d 1312 (Fed. Cir. 2017) (*Monk I*), and *Monk v. Wilkie*, 978 F.3d 1273 (Fed. Cir. 2020) (*Monk II*).  Much of the complicated factual history of this case has already been recited in *Monk I* and *Monk II*, and as such, we include only a brief presentation of the facts relevant to the merits of this appeal.

Appellants petitioned the Veterans Court for extraordinary relief in the nature of a writ of mandamus seeking, *inter alia*, an order "directing [the VA] to render decisions on pending appeals within one year of receipt of timely [Notices of Disagreement (NODs)] and to render decisions on

---

[1]    Legacy appeals are those appeals pending under the pre-Veterans Appeals Improvement and Modernization Act system.  38 C.F.R § 3.2400 (2019).

named Petitioners' pending appeals within sixty days." J.A. 100.[2] At the time the petition was filed, Appellants were each still awaiting a decision from the Board on at least some of their claims.

By the time the Veterans Court issued its decision, however, the Board had issued decisions in all pending appeals for all petitioners except for one, Mr. Dolphin, whose appeal was still pending. In light of those intervening Board decisions, the Veterans Court concluded that the petition was moot for all petitioners except for Mr. Dolphin because they had each received their requested relief. *See Monk v. Wilkie*, 32 Vet. App. 87, 98–100 (2019). The Veterans Court thus dismissed the petition as moot for Mr. Monk, Mr. Coyne, Mr. Hudson, Mr. Obie, and Mr. Stokes.[3] *Id.* As to Mr. Dolphin, the Veterans Court analyzed his unreasonable delay claim under the *TRAC* factors, as dictated by *Martin v. O'Rourke*, 891 F.3d 1338 (Fed. Cir. 2018) and *Telecommunications Research & Action Center v. Federal Communications Commission*, 750 F.2d 750 (D.C. Cir. 1984) (*TRAC*). *Monk*, 32 Vet. App. at 101. Although the Veterans Court found that factor three, consideration of health and human welfare, weighed in favor of Mr. Dolphin, it ultimately concluded that "on balance, the *TRAC* factors do not warrant granting Mr. Dolphin's petition for an extraordinary writ," *id.* at 108. The Veterans Court therefore denied Mr. Dolphin's petition. *Id.*

---

[2] References to the petition refer to Appellants' amended petition filed with its motion for leave to file on December 20, 2017; leave to file said petition was granted by the Veterans Court on January 12, 2018.

[3] The Veterans Court decision also addressed the petition as to Mr. Samuel Merrick, Mr. James Briggs and Mr. William Jerome Wood II, dismissing their petitions as moot. These petitioners are not parties to this appeal.

Appellants appeal both the mootness finding and the petition denial as to Mr. Dolphin. Before briefing in this appeal began, on February 4, 2020, the Board acted on Mr. Dolphin's appeal, granting him, among other things, an earlier effective date for many of his claims. Appellants' Br. at 11; J.A. 1314–15. Both parties proceeded briefing the appeal on the assumption that the Board's February 2020 decision provided Mr. Dolphin all the relief he sought. Following the conclusion of briefing, Appellants notified this court that although the Board's February 2020 decision appeared to resolve all of Mr. Dolphin's claims, it did not in fact address the effective date he was seeking for his total disability based on individual unemployability (TDIU) claim. *See* Letter from Appellants Correction of Material Statements Regarding Appellant William Dolphin at 1, ECF No. 72. Petitioners contended that this meant that Mr. Dolphin's mandamus petition remained live and justiciable. In a response to this letter, filed prior to oral argument, the VA conceded that Mr. Dolphin's TDIU claim remained pending at the Board and his petition was therefore not fully mooted, contrary to its contentions in its brief. *See* Response of Secretary Wilkie to Letter from Appellants at 2, ECF No. 82.

Following oral argument, on December 3, 2020, the Secretary notified the court that the Board issued a decision on November 24, 2020 granting Mr. Dolphin the earlier effective date he sought for his TDIU claim. *See* Letter from Appellee Robert Wilkie Re Mr. Dolphin's TDIU Effective Date Claim at 2, ECF No. 84. Petitioners filed a response to this letter from the government, agreeing that Mr. Dolphin received his requested effective date for his TDIU claim but contended that under *Mote v. Wilkie*, 976 F.3d 1337 (Fed. Cir. 2020), "[b]ecause the Board's February 4, 2020 order remanded several of Mr. Dolphin's claims to the VA Regional Office, Mr. Dolphin did not receive a 'decision' for all of his claims, [and] his case remains live before this Court." Letter from Appellants in Response to

Letter of Respondent-Appellee, Robert L. Wilkie, ECF No. 85.

Consequently, the threshold question before the court in this appeal is whether, *vel non*, Mr. Dolphin and the remaining petitioners have live claims. We conclude they do not.

## DISCUSSION

"Article III of the Constitution limits federal courts to deciding 'Cases' and 'Controversies,' and 'an actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation.'" *Kingdomware Techs., Inc. v. United States*, ——U.S.——,——, 136 S. Ct. 1969, 1975 (2016) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90–91 (2013)). A claim is considered moot, that is, one where no live controversy remains, if "the parties lack a legally cognizable interest in the outcome," *Already*, 568 U.S. at 91 (internal quotation marks omitted) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)), or put another way, when no court is capable of granting the relief the petitioner seeks, *Kingdomware*, 136 S. Ct. at 1975; *see also Mote*, 976 F.3d at 1341 (citations omitted). Mootness is a question of law reviewed de novo. *Ford Motor Co. v. United States*, 688 F.3d 1319, 1329 (Fed. Cir. 2012).

### A

We begin our analysis first considering the situation of Mr. Dolphin. Appellants contend that Mr. Dolphin has a live claim because in his February 2020 Board decision Mr. Dolphin received a remand of some of his claims. We disagree.

Appellants cite in support of their contention our recent decision in *Mote*. In *Mote*, we explained that Ms. Mote did not receive her desired petitioned relief because a "decision" for statutory purposes does not include "a mere remand." 976 F.3d at 1341 (citing *Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364–65 (Fed. Cir. 2005)). Mr. Dolphin did

not receive a mere remand; his Board decision included the *grant* of an earlier effective date for six different service connection claims and a *denial* of a higher rating for tinnitus. Moreover, because Mr. Dolphin claimed that the severity of his injuries had worsened since he was last examined or rated, the Board ordered a remand regarding the ratings and service connection findings of some of his injuries so that he could receive new examinations, on which to base his disability ratings. J.A. 1314–15. Mr. Dolphin received what is known as a mixed decision—one that includes grants, a denial, and remands. The mixed decision that Mr. Dolphin received is a "decision" for the purposes of the foremost issue here, that is, this mixed decision is the type of "decision" requested by Mr. Dolphin in his petition. *See Tyrues v. Shinseki*, 732 F.3d 1351, 1355–56 (Fed. Cir. 2013) ("[A] decision definitively denying certain benefits . . . is a final decision under section 7266(a)[] despite the simultaneous remand of issues concerning receipt of benefits on other statutory grounds . . . ." (internal quotation marks omitted)). After the Board issued that decision, which addressed each of Mr. Dolphin's several claims, nothing remained for the Board to do. We therefore conclude that Mr. Dolphin's claim is moot, as he received all his requested relief—the VA "render[ed] a decision[]" on his "pending appeal." J.A. 100; *see also Martin*, 891 F.3d at 1349 (noting that Ms. Aktepy's claim was moot after she received a mixed decision from the Board).

B

Because all appellants have received all of their requested relief (a Board decision), their cases are moot unless one of the recognized exceptions to mootness applies. Appellants argue the applicability of at least one of two mootness exceptions: voluntary cessation or capable of repetition but evading review.

The voluntary cessation exception to mootness may apply when "a defendant claim[s] that its voluntary

compliance moots a case." *Already*, 568 U.S. at 91 (internal quotation marks removed) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Services (TOC), Inc.*, 528 U.S. 167, 190 (2000)).  When this situation arises, the defendant "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur."  *Id.* (internal quotation marks removed) (quoting same).  The VA argues that it did not voluntarily moot Appellants' cases because the Board merely issued decisions on their then-pending appeals as a matter of regular order.  Appellee's Br. at 23.  We agree.

That Appellants' cases were mooted by the VA's action (issuing a Board decision) is not in itself enough to establish the applicability of the voluntary cessation doctrine. The VA explained that it did not "advance [Appellants'] cases or temporarily suspend legacy system procedures in order to moot this litigation."  Appellee's Br. at 23.  Appellants have made no claim here of reasonable fear that the VA is manipulating the system by "stop[ping the unlawful conduct] when sued to have the case declared moot, then pick[ing] up where [it] left off, repeating this cycle until [it] achieves all [its] unlawful ends."  *Already*, 568 U.S. at 91. Instead, Appellants' "cases were mooted by decisions issued in the normal course of proceedings."  Appellee's Br. at 23.  Thus, mootness in this case "depends not at all upon a 'voluntary cessation' of the [challenged] practices that were the subject of this litigation."  *DeFunis v. Odegaard*, 416 U.S. 312, 318 (1974).  It depends, instead, on the simple fact that the Board addresses claims in docket number order, and the Board simply reached the docket number for these claims.  The voluntary cessation exception is therefore inapplicable.  *Id.* (explaining the unsuitability of the voluntary cessation exception because the case was mooted by appellant's procession through the school system, not by reason of a "unilateral change in the admission procedures" of the school).

We likewise disagree with Appellants that their claims fall within the capable of repetition but evading review exception to mootness. This exception "applies 'only in exceptional situations,' where (1) 'the challenged action is in its duration too short to be fully litigated prior to cessation or expiration,' and (2) 'there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Kingdomware*, 136 S. Ct. at 1976 (brackets omitted) (quoting *Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). Even if we agree that the challenged action is too short to be fully litigated, Appellants have not demonstrated that there is a reasonable likelihood that they will be subject to the same Board delays again.

Appellants must show "'a sufficient likelihood that [t]he[y] will again be wronged in a similar way,'" "and that any resulting claim [t]he[y] may have for relief will surely evade our review." *Honig v. Doe*, 484 U.S. 305, 323 (1988) (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 111 (1983)). Here, we do not have any allegations from Appellants that they plan to bring further claims to the VA that may subject them to delays before the Board—Appellants merely assert that because they have "already faced delay multiple times, there is a reasonable expectation that they will face that same harm again in pending or future appeals." Appellants' Br. at 55 (citation omitted). Though the standard for "sufficient likelihood" is not as high in terms of the definitiveness needed for standing, *see Friends of the Earth*, 528 U.S. at 190 ("The plain lesson of [our] cases is that there are circumstances in which the prospect that a defendant will engage in (or resume) harmful conduct may be too speculative to support standing, but not too speculative to overcome mootness."), Appellants here have made no showing beyond bare attorney argument that this harm is sufficiently likely to recur to these particular veterans. *See Ebanks v. Shulkin*, 877 F.3d 1037, 1039 (Fed. Cir. 2017) ("The possibilit[ies] that Mr. Ebanks will seek a future hearing at the Board or, if he does, that a hearing will be

delayed depends upon a chain of hypothesized actions—by the Board, the RO, the courts, and Mr. Ebanks himself . . . [that] are too attenuated and speculative to trigger the exception to mootness." (citations omitted)).   Consequently, the capable of repetition but evading review mootness exception does not apply to Appellants' claims.

## CONCLUSION

We have considered Appellants' remaining arguments and conclude that all appellants have received their desired relief and that no mootness exception applies.  Thus, we find the case before us to be moot.  As to the Veterans Court's determination that all Appellants but Mr. Dolphin had moot cases, we affirm.  Mr. Dolphin's appeal is dismissed as moot.

**AFFIRMED-IN-PART AND DISMISSED-IN-PART**

## COSTS

No costs.