NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN M. VUKSICH,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2024-1049

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-3416, Judge Michael P. Allen.

---

Decided: May 15, 2024

---

JOHN M. VUKSICH, Norfolk, VA, pro se.

TATE NATHAN WALKER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY.

---

Before DYK, MAYER, and REYNA, *Circuit Judges.*

PER CURIAM.

John M. Vuksich appeals an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. For the reasons discussed below, we affirm.

## I. BACKGROUND

Vuksich petitioned the Veterans Court for a writ of mandamus in June 2023. He asserted that he had a brain tumor and that he had "been waiting over two years for [a] hearing before the" Board of Veterans' Appeals ("board"). Appx. 24.[*] In support of his petition, Vuksich attached a letter from his physician, Michael Lim, M.D., who stated that while it was not possible to determine precisely when Vuksich's tumor "first manifested," it was "more likely than not . . . [that] it was present prior to" the time Vuksich left active-duty service. Appx. 28.

In his petition, Vuksich asked the Veterans Court for an order compelling the Secretary of Veterans Affairs "to provide temporary disability benefits to the maximum benefit possible to all veterans with pending disability claims beginning two years after the filing of the [Notice of Disagreement]." Appx. 7. In Vuksich's view, the cost to the government of providing temporary disability benefits to veterans who suffer unreasonable delay in the processing of their claims would be "trivial," while for a veteran the receipt of such benefits "could be the difference between eating canned dog food or not getting medical treatment." Appx. 17.

On June 23, 2023, the Veterans Court, in a single-judge order, denied Vuksich's petition. *See Vuksich v. McDonough*, No. 23-3416, 2023 WL 4144980 (Vet. App.

---

[*]   "Appx." refers to the appendix to Vuksich's informal brief.

June 23, 2023) ("*Veterans Court Order*").  The court determined that Vuksich had not established an individual right to a writ of mandamus because while he stated that he had a brain tumor and that his claim had been pending before the board for two years, he did "not satisfy the pleading requirements for claimants seeking extraordinary relief." *Id*. at \*2.  Specifically, Vuksich's petition provided almost no information "about the circumstances of [his] appeal before the [b]oard." *Id*.  Because Vuksich had not supplied the necessary factual "context" for his claim of unreasonable delay, the court concluded that he had not shown that he had a "clear and indisputable right to the writ" or "why there [were] inadequate alternative means to obtain the relief [he] sought." *Id*. (citations and internal quotation marks omitted).

The Veterans Court also rejected Vuksich's request for an order directing the Secretary to pay temporary disability benefits to any claimant who has had a claim pending with the Department of Veterans Affairs ("VA") for more than two years. *Id*. at \*1.  The court explained that Vuksich had not identified any legal authority giving it the power to issue such an order. *Id*.  Furthermore, according to the court, "the All Writs Act should generally not be used to dictate substantive results such as the sweeping rule [Vuksich] seeks the [c]ourt to impose." *Id*. (footnote omitted).

In July 2023, the Veterans Court denied Vuksich's motion for reconsideration but granted his motion for a panel decision.  Appx. 57–58.  In its panel decision, the Veterans Court summarily affirmed the June 2023 single-judge order denying Vuksich's mandamus petition.  Appx. 57–58.  Vuksich then filed a timely appeal with this court.  We have jurisdiction under 38 U.S.C. § 7292(c).

## II. Discussion

Our review of decisions from the Veterans Court is circumscribed by statute.  We have jurisdiction to "decide all

relevant questions of law, including interpreting constitutional and statutory provisions." *Id.* § 7292(d)(1).  Except where a constitutional claim is presented, however, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2); *see Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), "all courts established by Act of Congress" are authorized to "issue all writs necessary or appropriate in aid of their respective jurisdictions."  A court may grant a writ of mandamus only when three conditions are satisfied: (1) the petitioner must establish a "clear and indisputable" right to issuance of the writ; (2) the petitioner must have "no other adequate means to attain" the desired relief; and (3) "even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (citations and internal quotation marks omitted); *see Wolfe v. McDonough*, 28 F.4th 1348, 1354 (Fed. Cir. 2022).

We turn first to Vuksich's argument that the Veterans Court should have entered an order awarding temporary disability benefits to all veterans who have had claims pending with the VA for more than two years.  Vuksich contends that a veteran acquires a "property interest" when he files a claim for disability benefits.  Appellant's Inf. Br. 25.  He asserts, moreover, that it is appropriate to award temporary benefits to *all* veterans who have experienced unreasonable delays in the processing of their claims because "any remedy that calls for accelerated action for the single veteran by the Secretary results in slower action for every veteran already ahead in the queue." *Id.* at 24.

As Vuksich correctly notes, many veterans are severely burdened by the seemingly interminable delays they face in the processing of claims for disability benefits. *See, e.g.*,

*Monk v. Wilkie*, 978 F.3d 1273, 1278 (Fed. Cir. 2020) (Reyna, J., additional views) (stating that the long delays at the VA are "unacceptable" and explaining that veterans who seek disability benefits can "enter into a process that takes years, sometimes decades, to complete"). As the Veterans Court correctly determined, however, Vuksich did not point to any legal authority pursuant to which it could "instruct [the] VA to pay benefits on a 'temporary' basis" to claimants who have had disability claims pending for more than two years. *Veterans Court Order*, 2023 WL 4144980, at *1.

"The Veterans Court, as an Article I tribunal, is a creature of statute by definition." *Burris v. Wilkie*, 888 F.3d 1352, 1357 (Fed. Cir. 2018). Accordingly, "the court can only act through an express grant of authority from Congress." *Id.*; *see also Dixon v. McDonald*, 815 F.3d 799, 803 (Fed. Cir. 2016) ("Courts created by statute can have no jurisdiction but such as the statute confers." (citation and internal quotation marks omitted)). Thus, as we have previously recognized, "the Veterans Court's jurisdictional statute" cannot be "read to allow claimants to obtain, on equitable grounds, monetary relief that they are not otherwise eligible to receive under substantive statutory law." *Burris*, 888 F.3d at 1359. Because Vuksich points to no statute or other source of substantive law which gives the Veterans Court the authority to issue an order awarding disability compensation to all veterans with claims that have been pending before the VA for more than two years, we affirm the court's decision to deny Vuksich's request for such an order.

Vuksich's petition for mandamus was also properly denied because he had an adequate, alternative remedy available by appeal that was not invoked. *See Love v. McDonough*, No. 22-2285, 2024 WL 1946597, at *3–5 (Fed. Cir. May 3, 2024). Like the veterans in *Love*, Vuksich did not raise his claim for interim payments before the VA or the board, and thus had the same alternative remedy

available to him as in *Love*, making mandamus relief unavailable.

We turn next to Vuksich's assertion that the Veterans Court improperly refused to issue an order compelling the Secretary to expeditiously process his individual claim for service-connected disability benefits. On appeal, Vuksich asserts that he has now been waiting for over three years for a hearing before the board. *See* Appellant's Inf. Reply Br. 14. We are troubled by this very lengthy delay in the processing of Vuksich's claim. We are also disturbed by the fact that the Secretary, on appeal, has failed to provide this court with updated information about the current status of Vuksich's claim or any explanation as to why, after three years, he, apparently, has not been afforded a hearing before the board.

We discern, however, no legal error in the determination by the Veterans Court that Vuksich failed to submit evidence sufficient to demonstrate that he was entitled to a writ of mandamus compelling the VA to expeditiously process his claim. *See Veterans Court Order*, 2023 WL 4144980, at \*2. To the contrary, the court correctly recognized that the factors set out in *Telecommunications Research and Action Center v. Federal Communications Commission ("TRAC")*, 750 F.2d 70, 79–81 (D.C. Cir. 1984), provide the proper framework for analyzing whether delay by the VA warrants mandamus relief. *Veterans Court Order*, 2023 WL 4144980, at \*2 (footnote omitted); *see also Martin v. O'Rourke*, 891 F.3d 1338, 1344–48 (Fed. Cir. 2018) (concluding that the *TRAC* standard is the appropriate standard for the Veterans Court to use in evaluating mandamus petitions alleging unreasonable delay). The court also correctly recognized that Vuksich was "entitled to a liberal construction of his submissions" because he was "proceeding without representation." *Veterans Court Order*, 2023 WL 4144980, at \*2 (footnote omitted); *see Comer v. Peake*, 552 F.3d 1362, 1368 (Fed. Cir. 2009).

The court concluded, however, that Vuksich's petition told it "next to nothing about the circumstances of [his] appeal before the [b]oard." *Veterans Court Order*, 2023 WL 4144980, at \*2. Accordingly, the court made the determination that, as a factual matter, Vuksich's petition contained insufficient evidence to show that he had a "clear and indisputable right" to a writ of mandamus or "why there [were] inadequate alternative means to obtain the relief [he] sought." *Id.* (citations and internal quotation marks omitted). We are without authority to reweigh the evidence the Veterans Court considered or to "interfere with [its] role as the final appellate arbiter of the facts underlying a veteran's claim." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). Thus, to the extent Vuksich challenges factual determinations made by the Veterans Court, or its application of settled law to the particular circumstances of his case, we are without jurisdiction to review such challenges. *See id.* (explaining that this court has jurisdiction to review a Veterans Court decision denying a writ of mandamus only if it presents a "non-frivolous legal question"). We have considered Vuksich's remaining arguments, including arguments regarding alleged violations of procedural due process, but do not find them persuasive.

## III. CONCLUSION

Accordingly, the order of the United States Court of Appeals for Veterans Claims is affirmed.

### AFFIRMED

COSTS

No costs.