# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 24-9605

ANNETTE S. HUBBELL,                                                                    APPELLANT,

V.

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS,                                       APPELLEE.

Before ALLEN, *Chief Judge*, and BARTLEY and LAURER, *Judges*.

## O R D E R

Appellant Annette S. Hubbell is the surviving spouse of Monte J. Hubbell, who served the Nation honorably in the United States Air Force from January 1965 to October 1968.[1] On December 30, 2024, appellant, through counsel, filed a Notice of Appeal, challenging a November 7, 2024, Board of Veterans' Appeals decision that denied entitlement to service connection for bilateral hearing loss and tinnitus.

On April 28, 2025, in connection with her appeal, appellant filed a request for class certification and class action (RCA). She seeks to certify a class of claimants who did not receive notice of their right to a predetermination hearing before the VA agency of original jurisdiction (AOJ). The Secretary opposes certification, arguing that appellant's class definition is too broad, that the requirements for class certification have not been met, and that appellant had actual notice of her right to a predetermination hearing. On May 20, 2025, the Court assigned a panel to decide the RCA. As explained below, because appellant has not met her burden of establishing that class certification is warranted, we will deny the RCA. We do not address the merits of appellant's appeal in this decision. We will do so in a separate decision in due course.

In this decision, we will first provide some background information on appellant's underlying appeal. We then will detail appellant's class certification request and the Secretary's response. Next, we will lay out the requirements for class certification and then explain why class certification is not appropriate here.

## I. BACKGROUND

In May 2022, the veteran filed a claim seeking service connection for several disabilities, including hearing loss and tinnitus.[2] While these claims were pending, the veteran unfortunately

---

[1] Record (R.) at 1631.

[2] R. at 1530-36.

passed away on February 24, 2023.[3] Appellant sought to substitute for the veteran in his pending claims,[4] a request that VA granted in March 2023.[5]

In February 2024, VA denied service connection for tinnitus and deferred a decision on entitlement to service connection for bilateral hearing loss.[6] Accompanying that decision was a VA Form 20-0998, a document entitled "Your Right To Seek Review Of Our Decision," which laid out appellant's options for disagreeing with the denial of service connection for tinnitus.[7] As appellant notes, this form does not include any information about obtaining a hearing in connection with submitting a supplemental claim, including a right to request such a hearing. In April 2024, VA denied service connection for hearing loss.[8] The accompanying notice letter indicates that a VA Form 20-0998 was again enclosed and, just as before, that form does not provide any information about requesting a hearing when submitting a supplemental claim.[9] In May 2024, appellant filed a Notice of Disagreement, appealing both the hearing loss and tinnitus claims to the Board and selecting the direct review docket, a selection that did not allow for the submission of additional evidence.[10]

In September 2024, the Board issued a decision on several of appellant's other pending claims.[11] In October 2024, the AOJ implemented an award of benefits on those claims.[12] That decision included a VA Form 20-0998 that was different from the version appellant received in February and April 2024. Specifically, unlike the forms VA sent appellant earlier in 2024, the October 2024 version explained that "You are entitled to a hearing at any time in the supplemental claim process."[13]

In the November 2024 decision on appeal, the Board denied service connection for bilateral hearing loss and tinnitus.[14] Appellant appealed that decision to the Court and filed her RCA in the context of this appeal.

## II. REQUEST FOR CLASS CERTIFICATION

In her RCA, appellant seeks to certify a class of claimants who:

---

[3] R. at 717.

[4] R. at 694.

[5] R. at 681-92.

[6] R. at 324-39.

[7] R. at 332-33.

[8] R. at 271-84, 320-23.

[9] R. at 272.

[10] R. at 270.

[11] R. at 192-219.

[12] R. at 123-32, 164-88.

[13] R. at 129.

[14] R. at 5-11.

(1) received a decision from [a VA AOJ] under the framework of the [Veterans] Appeals Improvement and Modernization Act [of 2017] (AMA), dated prior to August []2024, the date [] VA altered its internal policy/process,

(2) who did not receive notice of their right to [a] predetermination hearing before the [AOJ],

(3) appealed the AOJ decision to the [Board],

(4) have not been granted by the AOJ or the Board a full grant of benefits regarding the claim to which they did not receive adequate notice for, and

(5) who have not had their cases remanded by the Board to correct the pre[]decisional fair process violation of failing to inform them of their right to a predetermination hearing under the AMA.[15]

In the alternative, appellant would limit the class to those claimants "who appealed to this Court and have not had their cases finally adjudicated."[16] In terms of relief, she asks that the Court order VA to cure the defective notice to all class members.[17]

Appellant argues that before August 2024, VA did not provide claimants with proper notice of their right under 38 C.F.R. § 3.103(d)(1). That regulation provides that claimants are "entitled to a hearing on any issue involved in a claim . . . before VA issues notice of a decision on an initial or supplemental claim."[18] Because VA did not provide appellant and similarly situated claimants with notice of this right, she contends that the Agency violated their due process rights.[19]

In explaining why class certification is warranted, appellant contends that the class is limited to those who appealed a decision to the Board and, therefore, fall within the Court's prospective jurisdiction.[20] She also asserts that the alternative class, which is limited to those who have appealed to the Court but not had their claims finally adjudicated, are subject to the Court's direct jurisdiction.[21] Thus, appellant argues that all members of her proposed class "are under either the Court's prospective jurisdiction or the Court's direct jurisdiction."[22]

She further argues that the proposed class meets the requirements of Rule 23(a) of the Court's Rules of Practice and Procedure (Rules).[23] Appellant also maintains that proceeding as a

---

[15] RCA at 1.

[16] *Id.* at 2.

[17] *Id.* at 11.

[18] 38 C.F.R. § 3.103(d)(1) (2025).

[19] RCA at 3-4.

[20] *Id.* at 3.

[21] *Id.*

[22] *Id.*

[23] *Id.* at 7-9.

3

class is superior to only issuing a precedential decision here because "[c]lass certification would allow the Court to not just offer relief to Ms. Hubbell[] but to all class members."[24] She contends that a precedential decision would not provide immediate aid to class members and that class certification would "include notice to the affected class members" of the right to a hearing and a remedy to cure the defective notice that VA provided.[25]

The Secretary contends that appellant's class definition is too broad, in part, because it includes claimants over whom the Court does not have jurisdiction.[26] Specifically in that regard, the Secretary argues that the class definition includes claimants who have not received a final Board decision.[27] Although the Secretary concedes that the numerosity requirement is met, he argues that appellant has failed to meet her burden of establishing that all Rule 23(a)'s elements are met.[28] For instance, the Secretary argues that commonality and typicality are not met because (1) appellant insufficiently addresses these elements by providing only one sentence of argument for each element and (2) the question about whether notice was adequate requires an individualized assessments of each claimant's case.[29] In fact, the Secretary notes that this need to consider individual circumstances for each claimant with respect to whether any defective notice prejudiced the claimant is the precise reason that a precedential decision, rather than class certification, is the superior way to address this appeal.[30]

### III. ANALYSIS

#### A. Legal Landscape

Appellant filed her RCA in the context of an appeal before this Court. Therefore, we only have jurisdiction to certify a class of claimants who have all received a final Board decision.[31] In *Skaar*, the Federal Circuit held that the Court's authority to establish a class action mechanism "does not provide a cognizable basis for circumnavigating the limits of the Veterans Court's statutory jurisdiction."[32] Because our Court has "only one source of jurisdiction: 38 U.S.C. §7252(a),"[33] this means that "a veteran must first present a request for a benefit to the Board, then receive a decision on that request, in order to vest jurisdiction in the Veterans Court to consider the veteran's request and arguments in support thereof."[34] Thus, "[b]y definition . . . a class must be limited to veterans who satisfy the jurisdictional requirements of having requested a benefit and

---

[24] *Id.* at 9.

[25] *Id.* at 9-10.

[26] Secretary's Dec. 19, 2025, Response to the RCA (Resp.) at 4.

[27] *Id.* at 5.

[28] *Id.* at 7, n. 1.

[29] *Id.* at 9, 15.

[30] *Id.* at 21.

[31] *Skaar v. McDonough* (*Skaar II*), 48 F.4th 1323, 1332-34 (Fed. Cir. 2022).

[32] *Id.* at 1332.

[33] *Id.*

[34] *Id.* at 1333 (citing *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000)).

of having received a Board decision on that request."[35] The Federal Circuit held that our Court "exceeds its jurisdiction" when it certifies a class that includes "veterans who have not received a Board decision."[36]

In addition to this jurisdictional hurdle in the appeal context, to certify a class, the Court must ensure that the requirements of Rule 23(a) of the Court's Rules are met.[37] The prerequisites for class certification under Rule 23(a) are:

(1) the class is so numerous that consolidating individual actions in the Court is impracticable;

(2) there are questions of law or fact common to the class;

(3) the legal issue or issues being raised by the representative parties on the merits are typical of the legal issues that could be raised by the class;

(4) the representative parties will fairly and adequately protect the interests of the class; and

(5) the Secretary or one or more official(s), agent(s), or employee(s) of the Department of Veterans Affairs has acted or failed to act on grounds that apply generally to the class, so that final injunctive or other appropriate relief is appropriate respecting the class as a whole.[38]

A party seeking class certification must prove, by a preponderance of the evidence, that he or she meets each requirement under Rule 23(a).[39] If a claimant fails to meet even one of the requirements, the Court will deny the RCA.

The Court must also consider whether a class action is superior to "a precedential decision granting relief on a non-class action basis."[40] This inquiry involves its own nonexclusive list of factors, which we will discuss below.[41]

Having set the stage, we will now explain why we conclude that certification of a class in this appeal is not warranted.

---

[35] *Id.*

[36] *Id.*

[37] U.S. VET. APP. R. 23(a)(1)-(5); *see* FED. R. CIV. P. (FRCP) 23(a)(1)-(4), (b)(2).

[38] U.S. VET. APP. R. 23(a)(1)-(5).

[39] *Skaar v. Wilkie* (*Skaar I*), 32 Vet.App. 156, 189 (2019) (en banc order), (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011), *vacated and remanded on other grounds sub nom.*, *Skaar v. McDonough*, 48 F.4th 1323 (Fed. Cir. 2022).

[40] U.S. VET. APP. R. 22(a)(3); *Freund v. McDonough*, 114 F.4th 1371, 1376 (Fed. Cir. 2024); *Beaudette v. McDonough*, 34 Vet.App. 95, 107 (2021) (order), *aff'd on other grounds*, 93 F.4th 1361 (Fed. Cir. 2024).

[41] *Skaar I*, 32 Vet.App. at 191.

*B. Appellant's RCA is underdeveloped.*

We begin with an overarching problem with appellant's RCA: It is woefully underdeveloped. And this flaw is no mere technicality because appellant bears the burden of showing why a class should be certified.[42] For example, her analysis addressing commonality is set out in a single sentence: "The 'class question' raised by this case is whether notice issued to thousands of claimants prior to August []2024 is adequate."[43] This is a 22-word "analysis" that asserts a position with essentially no support. The same is true of her discussion of typicality-- she provides a single sentence on the issue (although this sentence is 26-words long): "As the harm Ms. Hubbell suffered is identical to that of the proposed class, Ms. Hubbell's interests are directly aligned with the interests of the class."[44] Again, appellant gives a conclusion on typicality with nothing to back it up. Such a terse analysis of these two important Rule 23(a) factors fails to establish by a preponderance of evidence that class certification is warranted and, as we discuss below, fails to grapple with the larger issues in certifying her proposed class. To state what should be obvious, simply saying something is so isn't a substitute for the rigorous analysis the class certification process requires.[45]

Additionally, as noted above, the Court is required, in the context of an appeal, to ensure that every member of a certified class has a final Board decision.[46] In the RCA, appellant acknowledges this limitation on our jurisdiction but still included claimants whose claims are "within the Court's prospective jurisdiction" as part of her proposed class.[47] Her analysis conflates the Court's jurisdiction in the context of a writ of mandamus with *Skaar II*'s jurisdictional requirements in the context of an appeal. *Skaar* made clear that prospective jurisdiction over a claim is not enough to justify including such prospective jurisdiction claimants in a class.[48] Appellant largely fails to engage with the Federal Circuit's jurisdictional requirements in her RCA, further highlighting the RCA's underdevelopment.[49]

---

[42] *See Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (holding that the Court will not entertain underdeveloped arguments); *Evans v. West*, 12 Vet.App. 22, 31 (1998) (noting that the Court will disregard vague assertions and unsupported contentions).

[43] RCA at 8.

[44] *Id.* at 9.

[45] We add that appellant provides no data to support her assertion that her proposed class meets the numerosity requirement. Instead, she relies broadly on the fact that VA issues thousands of decisions every year and the Board's requirement to remand a case where a predecisional error is discovered. RCA at 7-8. But we do not rely on the numerosity requirement to deny the RCA because the Secretary concedes that the numerosity requirement is satisfied. We simply point out that the numerosity requirement is another example of appellant's lack of analysis.

[46] *Skaar II*, 48 F.4th at 1332-34.

[47] RCA at 2.

[48] *Skaar II*, 48 F.4th at 1331-33 (holding that this Court exceeded its jurisdiction in exercising jurisdiction over class members who had not received a Board decision but had a claim pending at the regional office or Board).

[49] We note that the Court has the power to modify a class definition and could do so here to include only those claimants with a final Board decision. However, as the rest of this order demonstrates, modifying the proposed class in this way, even considering appellant's alternative class definition, cannot rectify the other shortcomings in appellant's RCA.

6

Finally, with respect to superiority, appellant fails to address the nonexhaustive *Skaar I* factors at all in the RCA. While she includes a paragraph of analysis explaining why a class is preferable to a precedential decision, she does not even cite *Skaar I* or the superiority factors it sets out. Again, appellant has the burden of showing why class certification is warranted. She can't do that without even stating the relevant legal rule, in this case, about superiority.

Appellant attempts to bolster her arguments in her reply to the Secretary's response to the RCA. For example, she provides more in-depth analysis of commonality and typicality, spanning multiple pages, rather than addressing those requirements in two sentences as she did in the RCA.[50] Appellant clarifies her reasons why a class is superior to a precedential decision; however, she still fails to engage with the *Skaar I* factors.[51] It is inappropriate for appellant to expand the arguments in her RCA through her reply brief. This Court will not consider arguments raised in a reply brief for the first time, as it results in piecemeal litigation and deprives the Secretary of an opportunity to respond to these new arguments.[52]

We could stop here and deny the RCA on its underdeveloped analysis alone. However, as we discuss below, class certification is not warranted on a substantive basis even if we disregard the lack of a reasoned argument in support of granting the RCA.

### C. Appellant does not show that the RCA satisfies Rule 23(a)'s Requirements.

As noted above, appellant must establish all the Rule 23(a) requirements to warrant class certification. If even one of those requirements is missing, the Court will deny the RCA. For that reason, we need not discuss each of Rule 23(a)'s requirements because we conclude that appellant fails to establish that her proposed class satisfied both the commonality and typicality prerequisites. Either one of these failures is sufficient to deny the RCA.

Class certification requires that "there are questions of law or fact common to the class."[53] The Supreme Court has instructed that "[c]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury.'"[54] To meet this prerequisite, a "'common contention'" among class members must be of such a nature that it "'is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each of the claims in one stroke.'"[55]

---

[50] Appellant's March 5, 2026, Reply to the Secretary's Response to the RCA (Reply) at 6-8, 9-10.

[51] *Id.* at 11-12.

[52] *Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999); *see Amoco Oil Co. v. United States*, 234 F.3d 1374, 1377 (Fed. Cir. 2000) (holding that parties must raise all issues they wish to challenge in the opening brief); *Bria v. Wilkie*, 33 Vet.App. 228, 265 n.7 (2021) (declining to address arguments first raised in a reply brief); *Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990) ("Advancing different arguments at successive stages of the appellate process does not serve the interests of the parties or the Court. Such a practice hinders the decision-making process and raises the undesirable specter of piecemeal litigation."), *aff'd*, 972 F.2d 331 (Fed. Cir. 1992).

[53] U.S. Vet. App. R. 23(a)(2).

[54] *Wal-Mart*, 564 U.S. at 349-50 (quoting *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)).

[55] *Gladney-Chase v. Collins*, 38 Vet.App. 216, 220 (2025) (quoting *Wal-Mart*, 564 U.S. at 350); *see Monk v. Wilkie*, 978 F.3d 1273, 1277 (Fed. Cir. 2020).

Similarly, typicality, which overlaps with the commonality requirement,[56] requires that "the legal issue or issues being raised by the representative parties on the merits are typical of the legal issues that could be raised by the class."[57] It "focuses on whether 'in pursuing his own claims, the named plaintiff will also advance the interests of the class members.'"[58] "'The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same conduct.'"[59]

As we discussed above, appellant provided only a single sentence addressing each of the commonality and typicality requirements. She generically asserts that the common question is whether the notice that claimants received before August 2024 was adequate concerning the right to a predecisional hearing and that her interests in that hearing (and notice about it) directly align with the interests of the proposed class.[60] But even accepting the broad nature of her arguments that commonality and typicality were established, we still hold that class certification is not warranted because consideration of the predecisional notice at issue here requires a claimant-specific analysis, undermining both commonality and typicality.

The circumstances of the notice each claimant received is relevant to whether any error is harmless. Our Court must "take due account of the rule of prejudicial error,"[61] and "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."[62] Therefore, it is not sufficient to say that the proposed class members received inadequate notice of a predecisional hearing; we must also determine that those claimants were harmed by any inadequate notice they received. Making this determination of harm would be different for each claimant because, colloquially speaking, each claimant will have a different story.

Appellant's situation illustrates this point. She received a VA Form 20-0998 in both February and April 2024, neither of which included information about obtaining a hearing with the submission of a supplemental claim.[63] She later received an updated VA Form 20-0998 with respect to a different claim that informed her of her right to a hearing in the supplemental claim process.[64] As appellant acknowledges in her RCA, this updated VA Form 20-0998 is when she became aware of the earlier notice defect.[65] The circumstances of appellant's case raise questions about whether she was harmed by the defective notice because she may have had actual notice of her right to a predetermination hearing. We make no determination on the merits of the prejudice

---

[56] *Skaar I*, 32 Vet.App. at 192.

[57] U.S. VET. APP. R. 23(a)(3).

[58] *Skaar I*, 32 Vet.App. at 192 (quoting *In re Am. Med. Sys.*, 75 F.3d 1069, 1082 (6th Cir. 1996)).

[59] *Id.* at 193 (quoting *Wolin v. Jaguar Land Rover N.A., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010)).

[60] RCA at 8-9.

[61] 38 U.S.C. § 7261(b)(2).

[62] *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

[63] R. at 332-33, 272.

[64] R. at 129.

[65] RCA at 6.

argument here. But the issue illustrates the individualized analysis required to determine whether each class member was harmed by any alleged notice error. We can't resolve the matter in one stroke as commonality requires and can't ensure that appellant's circumstances align with those of the class as a whole, which we must in terms of typicality.

Appellant argues that we do not have to consider harmless error. She contends that the question common to all class members is whether class members received inadequate notice concerning a predecisional hearing and that it is of no moment that some of the class members who received that inadequate notice may not have been harmed.[66] We disagree. As noted earlier, Congress has mandated that we must consider whether an error is prejudicial.[67] And we see no reason, either statutory or as a matter of policy, why that command would not apply in the class action context. Furthermore, as we explain below, the Court has another tool at its disposal to address whether the predecisional hearing notice was adequate and still allow each impacted claimant to have his or her individual circumstances considered: a precedential decision.

In sum, appellant has not established that the commonality and typicality requirements of Rule 23(a) are met. So class certification is not warranted even without addressing the other elements under Rule 23(a).

*D. Appellant fails to demonstrate why a class action is superior to a precedential decision.*

Finally, when considering a request to certify a class, this Court assesses whether class-wide relief is superior to the resolution of a matter through a precedential decision alone. Under Rule 22(a)(3), the superiority requirement is met when "a decision granting relief on a class action basis would serve the interests of justice to a greater degree than would a precedential decision granting relief on a non-class action basis."[68] In *Skaar I*, this Court outlined a balancing test involving a nonexhaustive set of factors for determining, on a case-by-case basis, whether the presumption against aggregate action has been rebutted.[69] The *Skaar I* factors are

> whether (i) the challenge is collateral to a claim for benefits; (ii) litigation of the challenge involves compiling a complex factual record; (iii) the appellate record is sufficiently developed to permit judicial review of the challenged conduct; and (iv) the putative class has alleged sufficient facts suggesting a need for remedial enforcement.[70]

Appellant fails to show that a class action is a superior means to address the predecisional hearing notice defect issue when compared with issuing a precedential decision standing alone. To begin with, because we lack jurisdiction to certify a class that includes any claimant who does not have a final Board decision, the procedural complexities associated with managing a class action advise against using that device. We can't include everyone affected by the error appellant posits

---

[66] Appellant's Reply at 8.

[67] 38 U.S.C. § 7261(b)(2).

[68] U.S. Vet. App. R. 22(a)(3).

[69] *Skaar I*, 32 Vet.App. at 197.

[70] *Id.*

in a class. So we would devote the Court's resources to a proceeding that would have a class of a portion (perhaps only a small portion) of the claimants affected. The far more efficient course of action is to use a precedential decision to address the notice issue. All claimants who may have received defective notice, including those who do not have a final Board decision, would get the benefit of a precedential decision of this Court holding that notice defective without having the Court engage in the complicated process of managing a class action.

Finally, the *Skaar I* factors for establishing superiority weigh against class certification in this matter. Although the class issue here (defective notice) is collateral to the putative class members' individual claims for benefits, the individualized nature of assessing the harm the potentially defective notice caused does not require developing a complex factual record. Indeed, the individualized nature of the prejudice analysis points in the other direction: You would need to develop claimant-specific records. Nor does the Court know—because appellant has not demonstrated—that the record is sufficiently developed for adjudication. From the RCA, we do not know how or if members of the proposed class were harmed by the predecisional hearing notice error. Essentially, we end up exactly where we began our analysis: Appellant's RCA is underdeveloped and does not demonstrate that a class action is superior to the issuance of a precedential decision.

## IV. CONCLUSION

Because appellant has not met all the Rule 23(a) prerequisites for certifying a class and has not established that a class action would be superior to a precedential decision in addressing the adequacy of notice of a predecisional hearing, we will deny appellant's request for class certification and class action.

Accordingly, it is

ORDERED that the request for class certification and class action is DENIED.

DATED: May 13, 2026                               PER CURIAM.

Copies to:

Benjamin R. Binder, Esq.

VA General Counsel (027)