# United States Court of Appeals for the Federal Circuit

---

**MARK FREUND, MARY S. MATHEWSON,**
*Claimants-Appellants*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1387

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-4168, Judge Amanda L. Meredith, Judge Michael P. Allen, Judge Scott Laurer.

---

Decided: August 20, 2024

---

JONAS WANG, Orrick, Herrington & Sutcliffe LLP, Washington, DC, argued for claimants-appellants. Also represented by MELANIE L. BOSTWICK; KENNETH DOJAQUEZ, JOHN D. NILES, Carpenter Chartered, Topeka, KS.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, JONATHAN KRISCH, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

MEGHAN BROOKS, Veterans Legal Clinic, University of South Carolina School of Law, Columbia, SC, for amici curiae Christine Bartholomew, Sergio Campos, Maureen S. Carroll, Brooke D. Coleman, Robin Effron, David Freeman Engstrom, Myriam Gilles, Maria Glover, Andrew Hammond, Deborah R. Hensler, Helen Hershkoff, Alexandra Lahav, David Marcus, Michael Sant'Ambrogio, Adam Steinman, Adam Zimmerman.

PAUL ENRIQUEZ, Covington & Burling LLP, Washington, DC, for amici curiae National Veterans Legal Services Program, National Organization of Veterans' Advocates. Also represented by ALICE JUWON AHN, ALEXANDER SETZEPFANDT, SARA SUNDERLAND, San Francisco, CA; MEGAN RODGERS, Palo Alto, CA.

_____

Before DYK, HUGHES, and STOLL, *Circuit Judges.*

DYK, *Circuit Judge.*

Appellants Mark Freund and Mary Mathewson (collectively "petitioners" or "appellants") appeal from an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing their petitions and denying class certification.[1] We conclude that the Veterans Court abused its discretion in finding that the adequacy and commonality requirements for class certification were not met.

We hold, moreover, that the case is not moot as to the class claims because it satisfies the inherently transitory claim standard. We therefore vacate the order denying

_____

[1]    Both current appellants have been substituted for the original claimants.

class certification and dismissing the case, and remand for the Veterans Court to further consider its class certification ruling and, if a class is certified, to determine the appropriate relief.

## BACKGROUND

This case involves veterans benefits appeals from the Department of Veterans Affairs ("VA") Regional Offices ("RO") to the Board of Veterans' Appeals ("Board") that were erroneously deactivated by the VA. This occurred because a computer program automatically and improperly swept them out of the system.

The VA currently operates two adjudicatory systems for benefits claims, and only the so-called legacy system is relevant to this appeal. Under the legacy system, a claimant may start the VA appeals process by submitting a Notice of Disagreement. The VA must either resolve the disagreement or prepare a Statement of the Case explaining the VA's position. 38 U.S.C. § 7105(d)(1) (2006). If the claimant desires review by the Board, the claimant must file a "Substantive Appeal" within 60 days of the mailing of the Statement of the Case or within a year of the mailing of the decision being appealed, whichever is later. 38 C.F.R. § 19.52(b). "Following receipt of a timely Substantive Appeal, the agency of original jurisdiction [the RO] will certify the case to the Board." *Id.* § 19.35. The RO "may close the appeal without notice . . . for failure to respond to a Statement of the Case within the period allowed." *Id.* § 19.32.

To manage legacy appeals and to determine whether legacy appeals have been timely filed, the VA operates an electronic database known as the Veterans Appeals Control and Locator System ("VACOLS"). When the VA receives a Notice of Disagreement, the case is entered into the system. When the VA receives a timely Substantive Appeal, a VA employee notes the appeal in VACOLS. If no timely Substantive Appeal is filed, VACOLS

"automatically closes legacy appeals on the first day of the month following [the relevant deadline] if VACOLS does not reflect that a claimant has submitted a Substantive Appeal."[2]  J.A. 2.  If the appeal is listed as closed, it is not processed by the VA.  The VA does not notify the claimant that VACOLS closed their appeal.  Thus, if a VA employee improperly handles a Substantive Appeal, VACOLS will close the file without notice to the claimant.  The problem here is that the system erroneously closed timely appeals, at least approximately 3,000 in number, and the VA then withheld action on such appeals.

That is what happened to U.S. Army veterans J. Roni Freund and Marvin Mathewson, whose successors are the named petitioners in this putative class action. Ms. Freund filed a disability claim for PTSD, which the VA RO denied.  She timely filed a Substantive Appeal to the Board.  But her appeal was closed by VACOLS, and the VA took no action on it for over a year.  Ms. Freund died in July 2022, and her brother Mark Freund was substituted as claimant.  The other named petitioner, Mr. Mathewson, filed a claim for special monthly compensation based on the need for aid and attendance.  After his claim was denied by the RO, he filed a timely Substantive Appeal to the Board in December 2017, which was erroneously closed by VACOLS.  Mr. Mathewson died three years after he filed his Substantive Appeal.  The VA granted his surviving

---

[2]    The Secretary of Veterans Affairs notes that "VACOLS's characterization . . . has no inherent legal significance; VACOLS cannot actually close, withdraw, or terminate an appeal."  Br. for Respondent at 6.  For consistency with the Veterans Court's opinion and the parties' submission, we refer to VACOLS as erroneously "closing" appeals.  However, we do not mean to suggest that an automatic VACOLS closure will "close" an appeal as the term is used in 38 C.F.R. § 19.32.

spouse Mary Mathewson's request to be substituted into his appeal, but apparently took no other action on it. These inactions allegedly violated the statutory requirement that, if there is a timely-filed appeal, "[a]ppellate review shall be initiated." 38 U.S.C. § 7105(a).

In June 2021, Ms. Freund and Mrs. Mathewson filed a mandamus petition in the Veterans Court in aid of this court's and the Veterans Court's prospective jurisdiction. The theory was that the VA had improperly truncated the appeals process, and that this action frustrated appellate review of the proceedings. *See Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) (noting that "a function of mandamus in aid of appellate jurisdiction is to remove obstacles to appeal"); *see also Bates v. Nicholson*, 398 F.3d 1355, 1359 (Fed. Cir. 2005) ("[T]he Court of Appeals for Veterans Claims 'has the power to issue writs of mandamus in aid of its jurisdiction under the [All Writs Act, 28 U.S.C. § 1651(a)].'" (quoting *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998))). The petition sought, *inter alia*, (1) "that the Court declare VA's withholding of action on the timely perfected legacy appeals to constitute agency action 'unlawfully withheld' within the meaning of 38 U.S.C. § 7261(a)(2); and that the no-notice element of the Secretary's closure of the appeals violates 38 C.F.R. § 19.32 and Fair Process;" and (2) "that the Court order the Secretary to, within thirty days, reactivate Petitioners' timely perfected legacy appeals." J.A. 36. The same day, the petitioners filed a request for class certification and class action concerning the following proposed class:

> All claimants with a timely perfected legacy appeal: (1) that is an original appeal, (2) that the Secretary has closed, (3) that remains closed, (4) that appears in VACOLS, (5) for which a copy of the substantive appeal appears in [the Veterans Benefits Management System], and (6) for which VA has not issued a rating decision regarding the substantive appeal's timeliness.

J.A. 243. As to the proposed class action, the petitioners requested an order that the parties "meet and confer in good faith" to determine a method for identifying and notifying claimants who satisfy the proposed class criteria, as well as a timeframe for reactivating the erroneously closed appeals. J.A. 263–64.

Following the filing of the mandamus petition, in July 2021 the VA reactivated both petitioners' VACOLS files and resumed consideration of their claims, agreeing that the appeals had been improperly removed from the system. The Secretary argued to the Veterans Court that this action mooted the case. Appellants now agree that the case was mooted as to the named petitioners, but argue that the claims as to the class could properly proceed. The Veterans Court held that the case was moot as to the petitioners[3] and did not decide whether it was moot as to the class in view of the "inherently transitory" exception. J.A. 18 (citing *Godsey v. Wilkie*, 31 Vet. App. 207, 219 (2019)). This exception recognizes that a case is not moot as to the class, even after the named plaintiffs' individual claims have become moot, if the asserted harm has a short or indefinite duration such that there is insufficient time for consideration of class action certification.

Instead of resolving the mootness issue, the Veterans Court considered whether the proposed class met the requirements of the Veterans Court's version of Rule 23, which are that:

> (1) the class is so numerous that consolidating individual actions in the Court is impracticable;

---

[3]   The court also held that the petitioners lacked standing to seek declaratory relief that the Secretary had acted unlawfully by closing their appeals in the VACOLS system. J.A. 13–16.

> (2) there are questions of law or fact common to the class;
>
> (3) the legal issue or issues being raised by the representative parties on the merits are typical of the legal issues that could be raised by the class;
>
> (4) the representative parties will fairly and adequately protect the interests of the class; and
>
> (5) the Secretary or one or more official(s), agent(s), or employee(s) of the [VA] has acted or failed to act on grounds that apply generally to the class, so that final injunctive or other appropriate relief is appropriate respecting the class as a whole.

U.S. VET. APP. R. 23(a). In addition, the Veterans Court's class action rules require consideration of whether a class action would better serve the interests of justice than non-class resolution following a precedential decision, which is sometimes referred to as the superiority requirement. U.S. VET. APP. R. 22(a)(3).

The Veterans Court denied class certification, finding that the named petitioners failed to satisfy the Rule 23 requirements of commonality and adequacy. The opinion did not separately address the other requirements of Rule 23 or the superiority requirement.

The petitioners appealed. We have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

We review legal determinations of the Veterans Court de novo. *Anania v. McDonough*, 1 F.4th 1019, 1022 (Fed. Cir. 2021). Questions of class certification under Rule 23 are reviewed for abuse of discretion. *See* 38 U.S.C. § 7292(d)(1); *see also Monk v. Shulkin*, 855 F.3d 1312, 1318 (Fed. Cir. 2017) (applying abuse of discretion standard to class certification review); William B. Rubenstein, 1 NEWBERG & RUBENSTEIN ON CLASS ACTIONS § 14:19 (6th ed.

2024) ("The abuse of discretion standard for class certification applies to every element individually, not just the ultimate determination.").

I

There is no question here, and the government does not dispute, that mandamus is available to remove obstacles to the Veterans Court's prospective jurisdiction. *See Bates*, 398 F.3d at 1359. The sole question here is whether class action relief is available. We begin with the merits of the Veterans Court's class certification ruling. On appeal, the Secretary does not defend the Veterans Court's holdings as to standing, commonality, or adequacy, describing those rulings as "purely dicta" that this court "should either disregard or vacate." Br. for Respondent at 31. While these rulings are hardly dicta, we agree with the Secretary that we should vacate those rulings. The Veterans Court erred in its standing analysis[4] and abused its discretion in determining that the commonality and adequacy requirements of Rule 23 were not met.

As to commonality, the Veterans Court found that the proposed class requirements (including a challenge to

---

[4]    In this respect, the Veterans Court appears to have confused standing with mootness. As of the date the petition was filed, the petitioners clearly had standing to seek relief as to the Secretary's unlawful action. Because the petitioners suffered injuries traceable to the VA's conduct and "likely to be redressed by a favorable judicial decision," at the time of filing they had standing. *Best Med. Int'l, Inc. v. Elekta Inc.*, 46 F.4th 1346, 1352 (Fed. Cir. 2022) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). The Secretary does not dispute this on appeal. Br. for Respondent at 31. We need not decide whether the Veterans Court has authority to grant the requested declaratory relief, an issue that was raised but not resolved below. *See* J.A. 13–14.

improper closure due to a VACOLS sweep) were insufficient to establish commonality. We think it is clear that there is a common answer to a common question here. The proposed class members have all suffered the same injury—the Secretary closed their appeals in VACOLS despite their timely filed Substantive Appeals. Should petitioners prevail, the VA would be ordered to develop a process to identify the class members and reactivate their appeals. *See* J.A. 13 (determining that the Veterans Court can order the Secretary to reopen erroneously closed files). Thus, the commonality requirement was met.

As to adequacy, the Veterans Court found that the class definition included an implied requirement that the VACOLS closure occurred without notice to the claimant because one of the requests for class-wide relief was for the court to "deem" that "the no-notice element of the Secretary's closure . . . violates 38 C.F.R. § 19.32 and Fair Process." J.A. 263. The Veterans Court found that "both petitioners were made aware in 2020 that their appeals were closed," so "they were no longer part of the class they sought to represent." J.A. 20.

The proposed class definition does not include a "no-notice" requirement. Although adding a new requirement may constitute error, we need not reach this issue. Even if the class definition did include a no-notice factor, the named petitioners and class members similarly situated satisfied it because in each case at the time of the filing of the complaint they had received no communication from the VA concerning the closure of their appeals. This is all that is required for representation. The petitioners suffered the same injury as the other proposed class members, and we can conceive of no conflict of interest that would prevent them from serving as class representatives. Thus, we think the petitioners satisfy the adequacy requirement.

## II

Although the Secretary does not defend the Veterans Court's class certification reasoning, he raises a new argument on appeal that the proposed class does not satisfy the requirements of Rule 23 because, he contends, it will be "potential[ly] impossib[le]" to identify class members, and thus the petitioners failed to demonstrate that the class is ascertainable. Br. for Respondent at 31. Ascertainability is not one of the Rule 23 requirements, but most circuits have implemented some version of an ascertainability test as an implied prerequisite to class certification. *See, e.g.*, *Cherry v. Dometic Corp.*, 986 F.3d 1296, 1302–03 (11th Cir. 2021) ("And ascertainability—at least as traditionally understood—is an implied prerequisite to the requirements of Rule 23(a)."). "[A]scertainability requires only that the court be able to identify class members at some stage of the proceeding." NEWBERG & RUBENSTEIN § 3:3. The Secretary contends that, due to his efforts to reactivate erroneously closed appeals, no remaining class members who perfected their appeals after May 2017 exist (a contention that appears to be disputed), and he argues that it will be impossible to identify any remaining claimants who filed pre-2017 because at that time the "VA did not consistently include End Product codes corresponding to the receipt of a substantive appeal," which had enabled the Secretary's review of post-2017 files. Br. for Respondent at 35.

The traditional test for ascertainability is clearly met here because the class is defined by objective criteria—whether a claimant timely filed a Substantive Appeal yet had their appeal closed in VACOLS. These objective criteria are, in the abstract, certainly capable of being determined, even if it is not presently known which claimants will ultimately qualify for the class. The Secretary argues, however, that it is "simply not possible" for the VA to identify all of the class members because doing so by the Secretary's proposed method would require the VA "to manually review every single VACOLS file closed for the lack of a

substantive appeal since 2003," which will require "at least hundreds of thousands of work-hours." Br. for Respondent at 34, 35.

A minority of circuits have adopted "administrative feasibility" as part of their ascertainability test, holding that a class cannot be certified "if ascertaining the class requires extensive and individualized fact-finding." *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 356 (3d Cir. 2013).[5] We reject the minority view of the issue, and agree with the majority of circuits that there is no basis for finding a lack of ascertainability because it is difficult to identify the class members. *See, e.g.*, *Cherry*, 986 F.3d at 1304.[6] As our sister circuits have recognized, administrative feasibility may bear on whether class resolution is superior to individual resolution, *see id.*, but here the Veterans Court has not yet ruled on the superiority of class resolution, an issue that will need to be resolved on remand. *See* U.S. VET. APP. R. 22(a)(3).

In connection with the superiority issue, we note that the Secretary's position that identifying the class members is "simply not possible" has not been established. *See* Br. for Respondent at 34. Manual review of every file from 2003 to May 2017 might indeed be time consuming, but there may be other ways to identify class members. For example, the VA could send notices to claimants who had proceedings at the RO during that time period and the

---

[5]    *See also Tarrify Props., LLC v. Cuyahoga Cnty.*, 37 F.4th 1101, 1106 (6th Cir. 2022); *EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014).

[6]    *See also In re Petrobras Sec.*, 862 F.3d 250, 265 (2d Cir. 2017); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 658 (7th Cir. 2015); *Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.*, 821 F.3d 992, 996 (8th Cir. 2016); *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1123 (9th Cir. 2017); NEWBERG & RUBENSTEIN § 3:3.

record reflects no action on the claim, inform them of the problem with VACOLS, invite responses from claimants who believe that they had timely filed a Substantive Appeal, and then review only those files. To be sure, there are also problems with this approach, such as claimants without a current address or claimants who have died without a substitute claimant, but those problems do not necessarily mean that class resolution is inferior to individual resolution. There may, moreover, be other feasible approaches. These alternatives have not been addressed by the parties or the Veterans Court, and should be considered on remand.

## III

We next consider the issue of mootness as to the class, and, in particular, whether the inherently transitory exception to mootness applies.[7] A case is moot if "it no longer presents live issues or 'the parties lack a legally cognizable interest in the outcome.'" *Monk*, 855 F.3d at 1316 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). For class actions, if the case becomes moot as to the individual plaintiffs after class certification, these requirements may be met by "a member of the class represented by the named plaintiff, even though the claim of the named plaintiff has become moot." *Sosna v. Iowa*, 419 U.S. 393, 402 (1975). In other words, an action is not moot if there is a member of a certified class that has a live claim.

---

[7] To the extent that the Secretary claims that the case is moot because the VA has done everything possible to provide a remedy, *see* Br. for Respondent at 32 (arguing "the putative class members have received all feasible concrete relief requested in the petition"), this argument is specious. A case does not become moot because the defendant contends that it has done everything possible to rectify unlawful conduct.

That particular theory does not help the appellants here because their claims became moot before class certification. Under such circumstances, normally the class action becomes moot. *United States v. Sanchez-Gomez*, 584 U.S. 381, 386 (2018). However, the Supreme Court has recognized that "[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 399 (1980). In such cases, the "relation back" doctrine applies, and the mootness question is considered as it stood when the complaint was filed. *See Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991) (citing *Swisher v. Brady*, 438 U.S. 204, 213 n.11 (1978)). The "inherently transitory" exception "address[es] circumstances in which the challenged conduct was effectively unreviewable" and focuses on "the fleeting nature of the challenged conduct giving rise to the claim, not on the defendant's litigation strategy." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76–77 (2013).

Appellants argue that the case is not moot with respect to the class claims because the "inherently transitory exception to mootness applies," even though the class had not been certified when their individual claims became moot. Opening Br. of Appellants at 35. We agree with appellants and conclude that these requirements are met in this case; therefore, it is not moot.

An individual claim in this case is very likely to become moot before the Veterans Court can rule on class certification because the VA's practice is to reactivate an appeal if it learns that a "timely substantive appeal was received and not established in VACOLS." J.A. 1069; *see also* Br. for Respondent at 10 ("VA had codified in policy . . . a VA employee's obligation to reactivate a closed VACOLS file any time a timely substantive appeal is identified."). This process can happen quickly, often within days. In Ms. Freund's case her appeal was reactivated the day after

the Veterans Court requested that the VA respond to her petition, and Mr. Mathewson's appeal was reactivated within 13 days of the order to respond. These short timelines make it possible, indeed likely, that an individual claim will become moot before the court can rule on class certification. The Secretary argues that the exception should not apply because, in the absence of intervention by the VA, the potential class members' appeals will remain closed indefinitely, so there is nothing "inherently transitory" about the VA's failure to act. The Secretary misunderstands the nature of the inherently transitory exception. The reality is that each claim will be addressed and immediately restored by the Secretary once it becomes known. To be sure, if the Secretary's actions to correct any perceived errors were a "litigation strategy," the exception might not apply. *See Genesis Healthcare*, 569 U.S. at 77. The Secretary's action here is not the result of a "litigation strategy" by the VA but as a result of the VA's obligation to correct blatant errors in the adjudication system.[8]

Our conclusion that the inherently transitory exception applies here is supported by cases in other circuits. For example, in *Unan v. Lyon*, the Sixth Circuit found that the

---

[8]    The appellants also contend that a related "picking off" exception to mootness applies. The Supreme Court recognizes an exception to mootness in cases where a defendant strategically "pick[s] off" named plaintiffs by offering them the maximum amount of relief they could recover. *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 339 (1980). The circuits differ on whether to treat "picking off" as a separate mootness exception or as a type of "inherently transitory" claim. *See Wilson v. Gordon*, 822 F.3d 934, 948–49 (6th Cir. 2016) (discussing the different approaches). Because we do not perceive that the VA is reactivating erroneously closed claims as a litigation strategy, we need not address the "picking off" exception.

inherently transitory exception applied to a benefits case where "a systemic computer problem . . . erroneously assigned thousands of non-citizens, who may have been eligible for comprehensive Medicaid coverage, to Emergency Services Only ('ESO') Medicaid." 853 F.3d 279, 282 (6th Cir. 2017). The named plaintiffs' claims were mooted two days after the complaint was filed, and the court found that the claim was transitory because "claims for a hearing on Medicaid eligibility could be resolved quickly by the state" and "a named plaintiff in this case does not know whether her case will remain alive sufficiently long to enable a district court to certify a class." *Id.* at 287; *see also Wilson v. Gordon*, 822 F.3d 934, 945 (6th Cir. 2016) (applying the inherently transitory exception in the benefits processing context because "the State can quickly process a delayed application soon after litigation begins, and thus the duration of any plaintiff's claim is uncertain"). Likewise, in *Bellin v. Zucker*, the Second Circuit found the inherently transitory exception applicable in a case concerning Medicaid applications because federal regulations called for rulings on the requests within 14 or 28 days. 6 F.4th 463, 473 (2d Cir. 2021); *see also Robidoux v. Celani*, 987 F.2d 931, 939 (2d Cir. 1993) ("Appellants' claims are inherently transitory since the [agency] will almost always be able to process a delayed application before a plaintiff can obtain relief through litigation."). Finally, the Ninth Circuit has found the inherently transitory exception applicable in a case where full reimbursement for owed benefits could be paid within approximately one month because "the district court could not have been expected to rule on a motion for class certification in that period." *Haro v. Sebelius*, 747 F.3d 1099, 1110 (9th Cir. 2014).

## IV

The appellants ask us to reverse the Veterans Court's ruling and order that a class be certified. While we are vacating the denial of class certification, as discussed earlier, the question of superiority has not yet been resolved. We

think it best for the Veterans Court to consider this issue in the first instance. We remand for the Veterans Court to determine whether to certify the proposed class and, assuming a class is certified, how to craft the appropriate relief.

## CONCLUSION

The inherently transitory exception to mootness applies to this case, and the Veterans Court erred in its analysis of the commonality and adequacy requirements of Rule 23. We reject the government's contention that there is an ascertainability problem with respect to the class. We remand for the Veterans Court to further consider class certification and, if the class is certified, to determine the appropriate relief.

## VACATED AND REMANDED

### COSTS

Costs to appellants.