# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 24-5887

Victor B. Skaar, Appellant,

v.

Douglas A. Collins,
Secretary of Veterans Affairs, Appellee.

Before PIETSCH, GREENBERG, and JAQUITH, *Judges.*

## O R D E R

On August 20, 2024, Victor B. Skaar filed a Notice of Appeal (NOA), identifying a July 31, 2024, Board of Veterans' Appeals (Board) decision as the decision being appealed. On October 15, 2024, the Secretary filed an opposed motion to dismiss this appeal for lack of subject matter jurisdiction. On October 29, 2024, the appellant filed an opposition to the motion to dismiss. This matter was referred to a panel in response to the Secretary's motion for initial review by a panel to address the scope of the Court's decision in *Cardoza v. McDonough*, 37 Vet.App. 407 (2024). Specifically, a panel was convened to address whether the Board's denial of a motion to aggregate claims constitutes a final Board decision over which the Court has jurisdiction. Oral argument was held on January 22, 2025.

## I. FACTS

Mr. Skaar is a veteran of the U.S. Air Force. In 1966, he was one of nearly 1,400 service members deployed to Palomares, Spain, to clean up radioactive plutonium dust after two U.S. thermonuclear bombs were destroyed in an aircraft accident. In 1998, Mr. Skaar filed his initial claim for benefits related to radiation exposure. After extensive proceedings before VA, this Court, and the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), Mr. Skaar's claims were remanded to the Board in September 2023. In a December 2023 decision, the Board granted Mr. Skaar entitlement to service connection for leukopenia and remanded his claim for entitlement to benefits for skin cancer.

On June 13, 2024, a VA regional office (RO) denied Mr. Skaar entitlement to benefits for skin cancer. Two weeks later, Mr. Skaar disagreed with the RO's decision, appealing to the Board and electing the evidence submission lane.[1] On July 12, 2024, Mr. Skaar filed with the Board a motion to aggregate a class of all U.S. veterans who were present at the 1966 cleanup of plutonium dust at Palomares, Spain.[2] In the July 31, 2024, "Ruling on Motion" that is currently before us on

---

[1] On November 19, 2024, the Board remanded Mr. Skaar's skin cancer claim. *See* Nov. 27, 2024, *Solze* Notice.

[2] In December 2023, Mr. Skaar had filed a motion to aggregate the claims of Palomares veterans, which the Board did not act on before it issued its December 2023 decision.

appeal, the Board Deputy Vice Chairman denied the motion to aggregate, explaining that the Board does not have the legal authority to aggregate claims or certify a class of claimants.

## II. PARTIES' ARGUMENTS

In his motion to dismiss this appeal, the Secretary argues that the Court lacks subject matter jurisdiction to review the Board's denial of Mr. Skaar's motion to aggregate claims because the Board's ruling is not a final decision. The Secretary distinguishes the facts in this case from the facts in *Cardoza* by arguing that the ruling in this case did not make a decision as to a benefit, but instead was a ruling on a procedural matter. The Secretary states that this Court does not have jurisdiction to hear interlocutory appeals on procedural matters.

In response, Mr. Skaar argues that the Board's denial of class aggregation is a decision over which the Court has jurisdiction. He contends that aggregation of claims is itself a benefit, and that the Board's ruling was a dispositive action on that benefit. He states that the issue of aggregation is neither procedural nor ministerial. Alternatively, he argues that the Court can exercise the authority to hear this matter under the All Writs Act, 28 U.S.C. § 1651.

## III. ANALYSIS

After the Secretary filed his motion to dismiss and Mr. Skaar submitted his opposition to that motion, the Court decided *Heller v. McDonough*, 38 Vet.App. 75 (2024) (per curiam order). *Heller* arose from a petition for a writ of mandamus, but in analyzing the petitioner's arguments, the Court was required to decide whether the Board's denial of a motion for advancement on the docket (AOD) constituted a final decision over which this Court had jurisdiction. *See id.*, 38 Vet.App. at 84. The Court found that the Board's denial of a motion for AOD is not an appealable decision. *Id.* We find that the holding in *Heller* controls the outcome of Mr. Skaar's case.

The Court has jurisdiction to review decisions from the Board that are final and adverse to the appellant. 38 U.S.C. §§ 7252(a); 7266(a); *see Kirkpatrick v. Nicholson*, 417 F.3d 1361, 1364 (Fed. Cir. 2005). A "decision of the Board" under 38 U.S.C. § 7252 is defined as "an adjudication with respect to the grant or denial of benefits." *Cooper v. McDonough*, 38 Vet.App. 1, 7 (2024) (per curiam order) (citing *Maggitt v. West*, 202 F.3d 1370, 1376 (Fed. Cir. 2000)).

In support of his argument against dismissal, Mr. Skaar relies in part on the Court's *Cardoza* decision. In *Cardoza*, the Court found that a Board letter notifying the appellant that VA would not accept his Notice of Disagreement seeking an earlier effective date for his service-connected condition was an appealable Board decision because, by not allowing the appeal to continue, the Board denied a benefit, an earlier effective date. *Cardoza*, 37 Vet.App. at 413.

The Secretary contends that because the Board's July 2024 ruling did not grant or deny a benefit, it is not a final decision of the Board. The Secretary further argues that the Board's denial of Mr. Skaar's motion to aggregate was not a decision concerning a benefit but was instead a procedural ruling. In response, Mr. Skaar argues that nothing in the Court's caselaw limits the Court's jurisdiction to decisions on claims for benefits. He argues that a "benefit" is defined as

2

"any payment, service, commodity, function, or status" for which entitlement is determined under the law administered by VA. 38 C.F.R. § 20.3(e) (2024). Based on this definition, Mr. Skaar contends that the denial of class aggregation was the denial of a benefit that can be appealed to this Court.

In *Heller*, the Court rejected the approach advocated by Mr. Skaar in this appeal. The Court found that denying a motion for AOD did not involve granting or denying a benefit. The Court specifically concluded that "AOD denials are not a denial of Mr. Heller's potential benefits—that is, service connection for a mental health condition." *Heller*, 38 Vet.App. at 84. The Court also found that the motion for AOD did not address an essential element of the claim for benefits. *Id*. The Court in *Heller* also made clear that in determining whether the Board has issued an appealable decision, the Court must focus on whether the Agency acted on the underlying benefits at issue. *Id*. (citing *Cooper*, 38 Vet.App. at 6). An action by the Board deciding how (or when) the matter would be adjudicated was not a decision on the benefits. *Id*. As in *Heller*, here the issue that Mr. Skaar attempts to appeal involves the manner of adjudication, not the actual benefit. The Board's action here does not affect entitlement to the benefits sought, service connection for skin cancer. Instead, the Board ruled only on how the case will proceed. The Court's interpretation is supported by caselaw confirming that class aggregation or certification is a "procedural tool." *See Skaar v. McDonough,* 48 F.4th 1323, 1332 (Fed. Cir. 2022).

In addition to following *Heller*, the Court's decision here aligns with the decision in *Clark v. McDonough*, 35 Vet.App. 317, 322-23 (2022). In *Clark*, the Court found that it lacked jurisdiction to review the Board's denial of a motion to waive the right to the duty to assist. *Id*. at 322. In that case, Mrs. Clark's argument was similar to Mr. Skaar's argument, that is, Mrs. Clark argued that because the denial was an adverse and final decision on the motion, the Court had jurisdiction over her appeal. *Id*. at 323. The Court held that a motion to waive the right to the duty to assist is not a claim for benefits and that the Board's adverse ruling on such a motion did not satisfy the requirements of section 7252. *Id*. In reaching this conclusion, the Court held that it and the Federal Circuit "have consistently held that the Court can only take jurisdiction over an appeal when the Board has rendered a final decision on the benefits sought by the claimant." *Id*. (first citing *Kirkpatrick*, 417 F.3d at 1364-65; then citing *Maggitt*, 202 F.3d at 1376; then citing *Gardner-Dickson v. Wilkie*, 33 Vet.App. 50, 55-56 (2020); and then citing *Breeden v. Principi*, 17 Vet.App. 475, 478 (2004)).

Similarly, the Court has found that a Board letter informing a claimant that his case is subject to the procedures for contested claims did not constitute "a decision on the benefit sought," and thus the Board's letter did not fall within the Court's jurisdiction under section 7252(a). *See Dojaquez v. McDonough*, 35 Vet.App. 423, 431-32 (2022). In that case, an attorney-claimant attempted to appeal a Board letter notifying him that the Board received his appeal concerning entitlement to attorney fees and that the appeal was subject to the procedures for contested claims. *Id*. at 424. The Court rejected the appellant's argument that the Board letter conferred a "status" on the claim and therefore constituted a decision on a benefit under 38 C.F.R. § 20.3. *Id*. at 432. The Court again focused on the benefits being sought—attorney fees—and found that the appellants had not shown how a Board determination concerning the nature of the claim or how it would be processed constituted a final decision over which this Court had jurisdiction. *Id*.

3

Though the Court does, in limited circumstances, have jurisdiction to review adverse procedural Board rulings, that jurisdiction is limited to situations where the Board "determination is final and is attendant to the denial of a claim." *Cooper*, 38 Vet.App. at 7 (citing *Ferko v. McDonough*, 37 Vet.App. 262 (2024) (en banc)). In *Ferko*, the Board dismissed a Notice of Disagreement as untimely, thereby ending the appellant's challenge of the denial of his claims. 37 Vet.App. at 266. The facts in *Ferko* are like *Cardoza*, where the Court found that it had jurisdiction to review a Board letter because, in the letter, the Board refused to docket an appeal, and in doing so, the Board effectively denied the matter at issue, an earlier effective date. *Cardoza*, 37 Vet.App. at 413.

The facts before us in this appeal are more analogous to those of *Heller* and *Clark* than to those of *Cardoza*. Here, the Board did not grant or deny a benefit or address an essential element of the claim. Therefore, the Board did not render a final decision over which the Court has jurisdiction. *Heller*, 38 Vet.App. at 84. Here the Board refused to aggregate claims. The Board's action constitutes a procedural order that is not dispositive of the underlying claim. The Court may not take jurisdiction over a Board determination that is procedural and interlocutory in nature. *Cooper*, 38 Vet. App. at 7. Consequently, the Court finds that it does not have jurisdiction to review the Board's ruling in this case. Accordingly, we must grant the Secretary's motion to dismiss this appeal. *See* 38 U.S.C. §§ 7252(a), 7266(a).

Lastly, the Court notes that in his opposition to the Secretary's motion to dismiss and at oral argument, Mr. Skaar invited the Court to consider his appeal as a petition for extraordinary relief in the nature of a writ of mandamus. The Court will decline to do so. Mr. Skaar is represented by counsel who chose to file an NOA challenging the Board's ruling and arguing that the Court had jurisdiction over the matter. This choice was a litigation strategy. Because the matter was not filed or argued as a petition, the Court will not consider it as such.

## IV. CONCLUSION

Based on the above considerations, it is

ORDERED that the Secretary's October 15, 2024, motion to dismiss this appeal is granted. It is also

ORDERED that this appeal is DISMISSED.

DATED: April 29, 2025                                    PER CURIAM.

JAQUITH, *Judge*, concurring in the judgment. I agree that the Court should dismiss the appeal of the Board's denial of the veteran's motion for class certification or aggregate resolution of claims,[3] but not quite that the holding in *Heller v. McDonough*, 38 Vet.App. 75 (2024) (per

---

[3] A Board decision dated July 31, 2024, denied the veteran's motion for class certification or aggregate resolution of claims. Record (R.) at 4-6. The Board decision specifically addressed the veteran's July 12, 2024, motion. R. 27-57. The veteran had filed a similar motion December 13, 2023, R. at 2149-94, which the Board did not address in its December 19, 2023, decision. R. at 1383-91. The July 2024 Board decision was issued on behalf of the Board by a Deputy Vice Chairmen who is a member of the Board empowered to act on motions. 38 C.F.R. §§ 20.101, 20.109

4

curiam order), controls our decision. In particular, I am concerned about the Court's endorsement that "*Heller* made clear that, in determining whether there is an appealable Board decision, the focus is on whether the Agency acted on the underlying benefits at issue." *Ante* at 3. That statement accurately reflects the tenor of *Heller*, but that decision did not address an important argument in this case: that the Board's denial of class certification or aggregation was a final decision regarding the benefit—as VA defines "benefit"—that the veteran sought in his motion. *See* 38 C.F.R. § 20.3(e) (2024). And the Court did not fully account for the statutory sources of its appellate jurisdiction. *See* 38 U.S.C. §§ 511(a), 7252(a). In my view, shrinking the Court's jurisdiction is unnecessary to resolve this case and unwarranted, especially without more comprehensive consideration of the fundamental issue involving the interplay of section 511(a), section 7252(a), and § 20.3(e). *See Cardoza v. McDonough*, 37 Vet.App. 407, 410 (2024) ("[T]he threshold question of jurisdiction that must be resolved before a court may address the merits of any matter."). But because I think that stare decisis still matters, *see De Hart v. McDonough*, 37 Vet.App. 371, 385 (2024) (Jaquith, J., dissenting), and—shortcomings in the analysis the Court relies on aside—that the appellant has not met his burden to establish jurisdiction, *see, e.g.*, *Dojaquez v. McDonough*, 35 Vet.App. 423, 428 (2022), I concur in the Court's judgment here.

It is axiomatic that the Court has exclusive jurisdiction to review final Board decisions on matters subject to decisions by the Secretary under laws that affect the provision of benefits to veterans or the dependents or survivors of veterans. *See* 38 U.S.C. §§ 7252(a), 7104(a), 511(a); *see, e.g.*, *Lechliter v. McDonough*, 37 Vet.App. 313, 320 (2024). In determining whether a law affects the provision of benefits, we look beyond a particular statutory subsection to "a single statutory enactment that bears a Public Law number in the Statutes at Large." *Bates v. Nicholson*, 398 F.3d 1355, 1361 (Fed. Cir. 2005) (finding that the Veterans Act of 1936 was a public law that affected the provision of benefits). Applying *Bates*, this Court and the Federal Circuit have found matters involving attorney fees, the appointment of fiduciaries, and access to records to fall within the Court's jurisdiction. *Rosinski v. Shulkin*, 29 Vet.App. 183, 188 (2018). "In each case, the jurisdictional question turned on either a statute enacted as part of a law affecting benefits or a regulation promulgated pursuant to such a statute." *Id.* "[T]he Court is compelled by *Bates* and its broad definition of the word 'law' to exercise jurisdiction over any matter decided by the Board that falls within the purview of section 511(a)." *Freeman v. Shinseki*, 24 Vet.App. 404, 413 (2011).

*Heller* did not address the *Bates* test, but the right to seek AOD was specifically codified by Congress, 38 U.S.C. § 7107(b), and the public law that originally enacted what became section 7107 was Public Law 85-857, 72 Stat. 1105-1274 (Sep. 2, 1958), which consolidated into one act all of the laws administered by the Veterans Administration and codified those laws as title 38, United States Code, "Veterans Benefits." 72 Stat. at 1105. AOD is, by regulation, provided to claimants who are of advanced age (75 or older), beset by serious illness, or severe financial hardship, and provided where administrative error resulted in significant delay or where AOD would improve the functioning of the system. *See* 38 C.F.R. §§ 20.800(c)(1), 20.902(c)(1) (2024).

In addition, VA defines "benefit" as "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs

---

(2024).

pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).[4] "Status" is a "position or rank in relation to others." *Status*, MERRIAM-WEBSTER'S UNABRIDGED DICTIONARY, https://unabridged.merriam-webster.com/unabridged/status (accessed Mar. 18, 2025). Because each case before the Board "will be decided in regular order according to its respective place on the docket to which it is assigned," 38 U.S.C. § 7107(a)(4), that place on the docket reflects the status of the claimant's appeal in relation to other appeals. And AOD betters a claimant's appeal status—the claimant's position in relation to others—by "having the Board decide his [or her] service connection claim sooner." *Heller*, 38 Vet.App. at 84. Yet the *Heller* Court "conclude[d] that the denial of a motion for [AOD] does not involve the grant or denial of a benefit"—without addressing § 20.3(e)—because the motion was not dispositive of the veteran's underlying claim of service connection for a mental health condition. *Id.* Nearly all the cases *Heller* relied on—and nearly all those cited in this case—likewise fail to address both § 20.3(e) and whether the case arose "under a law that affects the provision of benefits," per section 511(a).[5]

Some of the cases make statements consistent with Mr. Skaar's argument that a claimant may appeal the denial of benefits sought by veterans short of their ultimate financial objective (of disability compensation, for example). In *Maggitt v. West*, the Federal Circuit looked to the decision it had issued 2 years earlier in *Ledford v. West*, 136 F.3d 776 (Fed. Cir. 1998), noting that "*Ledford* actually holds that a veteran must first present a request for a benefit to the Board, then receive a decision on that request, in order to vest jurisdiction in the Veterans Court to consider the veteran's request and arguments in support thereof." *Maggitt*, 202 F.3d 1370, 1376 (Fed. Cir. 2000). Then the *Maggitt* court used language that could correspond to VA's definition of "benefit": "A 'decision' of the Board, for purposes of the Veterans Court's jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran." *Id.* The *Maggitt* court went on to distinguish the veteran's claim from arguments supporting it and held that the Court of Appeals for Veterans Claims "has jurisdiction to hear arguments presented to it in the first instance, provided it otherwise has jurisdiction over the veteran's claim." *Id.* at 1376-77. But *Maggitt* involves no issue regarding any benefit except the veteran's claims for service connection—the question presented and decided was whether the Court had jurisdiction to consider the veteran's arguments that VA had violated both the Administrative Procedures Act and his right to due process. *Id.* at 1373.

*Kirkpatrick v. Nicholson* added that "case law and section 7104(d)(2) define a Board decision as including an order granting appropriate relief or denying relief," which does not include a remand. 417 F.3d 1361, 1364-65 (Fed. Cir. 2005). And *Mote v. Wilkie* echoed that the Court's jurisdictional statute does not grant it authority to review "a mere remand." 976 F.3d 1337, 1341 (Fed. Cir. 2020). Our Court followed suit: *Breeden v. Principi* distinguished decisions on remanded issues from decisions on the benefits sought, 17 Vet.App. 475, 478 (2004); *Gardner-Dickson v. Wilkie* held that "a writ of mandamus is not an appropriate vehicle for us to review the merits of a Board remand order," 33 Vet.App. 50, 56-57 (2020); and *Clark v. McDonough* held

---

[4] The definition of "benefit" has remained unchanged since § 20.3(e) was promulgated in February 1992.

[5] *Heller* and the cases it relies on also failed to address VA's definition of a "claim" as "a written communication requesting a determination of entitlement or evidencing a belief in entitlement, to a specific benefit under the laws administered by the Department of Veterans Affairs submitted on an application form prescribed by the Secretary," 38 C.F.R. § 20.3(f).

that the Court's jurisdiction did not encompass a remand that involved denial of an appellant's motion to waive VA's duty to assist. 35 Vet.App. 317, 323 (2022). Most recently, *Cooper v. McDonough* held that remands are not reviewable under the Veterans Appeals Improvement and Modernization Act of 2017 (AMA), Pub. L. 115-55, 131 Stat. 1105. *Cooper*, 38 Vet.App. 1, 8-9 (2024). Unlike *Heller*, each of these cases was remanded for further proceedings and each appellant's right to judicial review was preserved for another day. And *Mote* highlighted that the rule that a remand is not an appealable Board decision is limited to the issues remanded. 976 F.3d at 1341-46. In *Mote*, the Board had remanded the appellant's claim so the Agency could factually develop the claim. *Id.* at 1341. The Federal Circuit acknowledged that our Court did not have jurisdiction to review the remand, but the Federal Circuit held that the our Court committed reversible error by failing to address the appellant's request for progress reports pending the Board's decision. *Id.* at 1341-46.[6]

Only *Dojaquez*, concerning the challenge of a veteran and his attorney to the Board's determination that the attorney's contention that VA miscalculated his fee was a simultaneously contested claim, mentions § 20.3(e) and *Bates*, and then only to summarily reject the appellants' arguments because appellants "[did] not explain how a determination by the Board regarding the nature of the claim or how the claim is processed constitutes a final decision on the benefit sought, which in this case is additional attorney fees pursuant to the appellants' direct-pay fee agreement." *Dojaquez*, 35 Vet.App. at 432 (addressing § 20.3(e)), and at 431 n.6 (similarly finding that "the appellants fail to explain how [*Bates* and two other] cases are analogous to the issue they seek to appeal here"). In addition, the *Dojaquez* court noted that the appellants' argument that the attorney fee issue was not a simultaneously contested claim was already before the Court under a separate docket. *Id.* at 431. In rejecting the Secretary's argument that the Board's AOD denial was unreviewable by granting a writ of mandamus ordering the Board to issue a decision within 30 days, 38 Vet.App. at 87, *Heller* also vindicated the "'strong presumption favoring judicial review of administrative action.'" *Salinas v. U.S. R.R. Ret. Bd.*, 592 U.S. 188, 197 (2021) (quoting *Mach Mining, LLC v. EEOC*, 575 U.S. 480, 486 (2015)); *see Beaudette v. McDonough*, 34 Vet.App. 95, 102–03 (2021).

In my view, transforming the Court's jurisdiction from review of final decisions of the Board under laws that affect the provision of benefits to review of only those decisions that grant or deny ultimate claims is based upon a reading of *Maggitt* that has not been adequately supported or justified. And the Court's failure, in this case, *Heller*, and the other cases cited, to fully factor in § 20.3 is problematic. But the limits of *Heller's* precedential value do not help Mr. Skaar. *Heller* answered the question whether the Board's denial of a motion for AOD is appealable in the context of the veteran's petition for a writ of mandamus, which Mr. Skaar has not brought. AOD is a means to avoid delay, particularly delay which may be unreasonable in light of a claimant's age or health. "[A] petition continues to be the way to aid [the Court's] prospective jurisdiction by compelling action unlawfully withheld or unreasonably delayed." *Heller*, 38 Vet.App. at 84; *see Clark*, 35 Vet.App. at 324 ("[C]oncerns about improper delay or potential frustration of the Court's appellate jurisdiction go to the merits of a petition for extraordinary relief. They do not support the Court's

---

[6]The Federal Circuit went on to hold that our Court had failed to explain, by analyzing the standard spelled out in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), for determining whether VA's delay had been unreasonable, "why the mere pendency of Mrs. Mote's hearing made compelling progress reports inappropriate." *Mote*, 976 F.3d at 1341-46.

jurisdiction over an appeal from a nonfinal Board remand."). To be sure, the history of this case does not clearly delineate the appropriate path for a request for class action by the Board, if there is one. But comparing this case to *Heller* indicates that if the Board's denial of a motion for AOD is not appealable to the Court, the Board's denial of a request for class action cannot be either.

Unlike the claimant's statutory and regulatory right to seek advancement on the Board's docket, there is no statute or regulation creating an entitlement to class action or aggregation of individual claims before the Board. The Court's class action rules, effective since November 2020, apply only to requests to the Court "filed in the context of an appeal of a final decision of the Board" and requests to the Court filed in the context of a petition under the All Writs Act. *See* U.S. VET. APP. R. 22(a) and (b). The Court's rules do not govern or address requests for class action before the Board.

Moreover, "[o]rders granting or denying class certification, [the U.S. Supreme] Court has held, are 'inherently interlocutory,' hence not immediately reviewable under [a statute] which provides for appeals from 'final decisions.'" *Microsoft Corp. v. Baker*, 582 U.S. 23, 26 (2017) (first quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 470 (1978); and then quoting 28 U.S.C. § 1291). However, Federal Rule of Civil Procedure 23(f), promulgated in 1998, provides that "[a] court of appeals may permit an appeal from an order granting or denying class-action certification under this rule." FED. R. CIV. P. 23(f). The permissive language of the Federal rule signals that allowing interlocutory appeals of class action decisions is "in the 'sole discretion of the court of appeals' and that the court of appeals is given 'unfettered discretion whether to permit the appeal.'" *In re Nat'l Football League Players Concussion Injury Litig.*, 775 F.3d 570, 578 (3d Cir. 2014) (quoting FED. R. CIV. P. 23(f) advisory committee's notes (1998 amendments)). The Court's class action rules, unlike Federal Rule 23(f), contain no provision enabling the Court to permit an interlocutory appeal of any class action determination by the Board. *See* U.S. VET. APP. R. 23; *Freund v. McDonough*, 114 F.4th 1371, 1376 (Fed. Cir. 2024). Finally, unlike a Board denial of AOD, which must be addressed before the Board decision of the underlying claim may have any effect, "[a]bsent [class action] permission, plaintiffs may pursue their individual claims on the merits to final judgment, at which point the denial of class-action certification becomes ripe for review." *Microsoft*, 582 U.S. at 26.

In sum, although I do not agree that the Court's jurisdiction is limited only to reviewing the Board's denial of claims, I concur that the veteran has not shown that the Court has jurisdiction to review the Board's denial of his class certification motion at this time.

8